IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
**ENTERED**
February 12, 2024
Nathan Ochsner, Clerk

GURSEWAK SINGH SIDHU,          §
                               §
        Plaintiff,             §
                               §
v.                             §    CIVIL ACTION NO. H-24-00138
                               §
ELENA F. SIFFORD,              §
                               §
        Defendant.             §

## MEMORANDUM OPINION AND ORDER

Plaintiff, Gursewak Singh Sidhu ("Sidhu" or "Plaintiff"), filed this action against defendant, Elena F. Sifford ("Sifford" or "Defendant") on November 12, 2023, in the 165th Judicial District Court of Harris County, Texas, asserting causes of action for negligence and negligence per se under New Jersey and Texas law.[1] On January 12, 2024, Defendant removed Plaintiff's action to this court.[2] Pending before the court is Defendant Elena F. Sifford's Motion to Dismiss for Lack of Personal Jurisdiction ("Defendant's Motion to Dismiss") (Docket Entry No. 2). For the reasons stated below, Defendant's Motion to Dismiss will be granted and this action will be dismissed without prejudice for lack of personal jurisdiction over the Defendant.

---

[1]See Plaintiff's Original Petition, Rule 193.7 Notice, Request for Initial Disclosures, and Jury Demand, Exhibit 3 to Defendant Elena F. Sifford's Notice of Removal, Docket Entry No. 1-3.

[2]See Defendant Elena F. Sifford's Notice of Removal ("Defendant's Notice of Removal"), Docket Entry No. 1.

# I. <u>Background</u>

## A.   Factual Background

This action arises from a vehicular crash that occurred on November 12, 2021, on Interstate 78.  Plaintiff alleges that on that day he "was a restrained passenger in a trailer traveling East Bound on Interstate 78 when Defendant Elena F. Sifford who was driving recklessly struck the guardrail on the road and then struck the vehicle in which [he] . . . was a passenger."[3]  Plaintiff alleges that he "was seriously injured.  Prior to the accident [he] . . . enjoyed an active and healthy lifestyle.  Nothing Plaintiff . . . did caused or contributed to this accident.  All damages incurred by Plaintiff . . . were proximately caused by the recklessness of Defendant."[4]

## B.   Procedural Background

Plaintiff filed his Original Petition against Defendant on November 12, 2023, asserting that he is a resident of Houston, Texas, and that Defendant is a resident of New Jersey who could be served in Bethlehem, Pennsylvania.[5]

---

[3]Plaintiff's Original Petition, Docket Entry No. 1-3, p. 2 ¶ 9.  Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[4]<u>Id.</u>

[5]<u>Id.</u> at 1-2 ¶¶ 2, 4.

On January 12, 2024, Defendant filed her Notice of Removal asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of Texas, Defendant is a citizen of Pennsylvania, and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.[6]  On January 16, 2024, Defendant filed the pending motion to dismiss for lack of personal jurisdiction.[7]

## II. Defendant's Motion to Dismiss

Defendant moves to dismiss the claims asserted against her for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).[8]  Although Defendant filed the pending motion to dismiss on January 16, 2024, and Plaintiff's response was due on February 6, 2024,[9] Plaintiff has not responded to Defendant's motion.  Local Rule 7.4 states that "[f]ailure to respond to a motion will be taken as a representation of no opposition."  The Fifth Circuit has held that a proper sanction for failure to respond to a dispositive motion is for the court to decide the motion on the papers before

_____

[6]Defendant's Notice of Removal, Docket Entry No. 1, pp. 5-6 ¶¶ 4.1-4.5 (citing Plaintiff's Original Petition, Exhibit 3, Docket Entry No. 1-3).

[7]Docket Entry No. 2.

[8]Defendant's Motion to Dismiss, Docket Entry No. 2, p. 1.

[9]Under the Local Rules of the Southern District of Texas, a response to a motion is due 21 days after the motion is filed. S.D. Tex. L.R. 7.3, 7.4(A).

3

it.  See Ramsay v. Bailey, 531 F.2d 706, 709 n. 2 (5th Cir. 1976)(per curiam), cert. denied, 97 S. Ct. 1139 (1977) (citing Woodham v. American Cystoscope Co. of Pelham, New York, 335 F.2d 551, 556-57 (5th Cir. 1964)).

## A.    Standard of Review

Dismissal for lack of personal jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(2).  Fintech Fund, F.L.P. v. Horne, 327 F. Supp. 3d 1007, 1016 (S.D. Tex. 2018), aff'd, 836 F. App'x 215 (5th Cir. 2020).  When a defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant by prima facie evidence.  Frank v. P N K (Lake Charles) L.L.C., 947 F.3d 331, 336 (5th Cir. 2020).  The court determines whether plaintiff has met this prima facie burden by considering the allegations of the complaint as well as the contents of the record at the time of the motion.  Id.  However, the court is not required to credit conclusory allegations, even if uncontroverted.  Panda Brandywine Corp. v. Potomac Electric Power Co., 253 F.3d 865, 869 (5th Cir. 2001) (per curiam).  If the plaintiff meets the prima facie burden, the burden shifts to defendant to show that the assertion of jurisdiction would be unfair.  Walk Haydel & Associates, Inc. v. Coastal Power Production Co., 517 F.3d 235, 245 (5th Cir. 2008).

4

**B.   Plaintiff Fails to Allege Facts Capable of Satisfying the Due Process Requirements for the Exercise of Personal Jurisdiction**

1.   <u>Applicable Law</u>

A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant as allowed under the forum state's long-arm statute, and to the extent permitted by the due process clause of the Fourteenth Amendment. <u>Pervasive Software Inc. v. Lexware GmbH & Co. KG,</u> 688 F.3d 214, 220 (5th Cir. 2012). Because the Texas long-arm statute is coextensive with the limits of federal due process, this court need only address whether the exercise of jurisdiction over a defendant comports with the requirements of the Fourteenth Amendment. <u>Id.</u> (citing <u>Mink v. AAAA Development LLC,</u> 190 F.3d 333, 335 (5th Cir. 1999)).

> The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) the defendant has purposefully availed itself of the benefits and protections of the forum by establishing "minimum contacts" with the forum state, and (2) the exercise of personal jurisdiction over the defendant aligns with "traditional notions of fair play and substantial justice."

<u>Mink,</u> 190 F.3d at 336 (quoting <u>International Shoe Co v. Washington,</u> 66 S. Ct. 154, 158 (1945)). Both prongs of the due process test must be fulfilled for this court to exercise personal jurisdiction over a defendant.

The first prong, referred to as the "minimum contacts" requirement, may be satisfied if either: (1) the controversy is "related to" or "arises out of" the nonresident defendant's contacts with the forum (specific jurisdiction), or (2) the

defendant has "continuous and systematic" contacts with the forum (general jurisdiction). <u>Mink,</u> 190 F.3d at 336 (citing <u>Helicopteros Nacionales de Colombia S.A. v. Hall,</u> 104 S. Ct. 1868, 1872-73 & n. 8 (1984)).   Under the "fundamental fairness" requirement, a court considers several factors to decide whether the exercise of jurisdiction comports with traditional notions of fairness and substantial justice.   The factors to be examined include: (1) the burden on the nonresident defendant to defend itself in the forum; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the states' shared interest in furthering fundamental social policies.   <u>Luv N' Care, Ltd. v. Insta-Mix, Inc.,</u> 438 F.3d 465, 473 (5th Cir.), <u>cert. denied,</u> 126 S. Ct. 2968 (2006).

2.   <u>Application of the Law to the Factual Allegations</u>

Plaintiff's Original Petition alleges that Defendant is "an individual who is a resident of New Jersey, may be served with process at her home at the following address: 530 13th Avenue, Bethlehem, Pennsylvania 18018, . . ."[10]   Defendant argues that

> [t]he  evidence  supporting  this  motion  shows  that
> Defendant does not have the necessary constitutional
> minimum contacts with Texas that would permit her to be
> hailed into a Texas court. . . .

---

[10]Plaintiff's Original Petition, Docket Entry No. 1-3, pp. 1-2 ¶ 4.

6

As to general jurisdiction, Defendant is not a citizen of Texas. Instead, at all times material to this case, she has been a citizen of Pennsylvania. Accordingly, Texas courts do not have general jurisdiction over Defendant.

As to specific jurisdiction, the accident occurred in New Jersey. None of the acts or omissions alleged by Plaintiff against Defendant occurred in Texas; indeed, Plaintiff even cites to a New Jersey statute in support of his claim that Defendant was negligent per se in operating her vehicle. Accordingly, Texas courts do not have specific jurisdiction over Defendant.

Further, it would offend traditional notions of fair play and substantial justice to hail Defendant into a Texas court. Defendant is a citizen of Pennsylvania that was involved in an accident in New Jersey. It would be unjust to require Defendant to defend this case in Texas.[11]

In support of the arguments urged in her motion dismiss, Defendant has submitted a copy of the New Jersey Crash Investigation Report for the accident at issue, showing that the crash occurred in the State of New Jersey,[12] and her own affidavit showing that she resides in Bethlehem, Pennsylvania, and has resided there since August of 2018.[13] Defendant states that

[o]n November 12, 2021, which is the date of the accident forming the basis of this lawsuit, I left my residence in Bethlehem, Pennsylvania. I was driving to Newark Liberty International Airport, which is located in Newark, New Jersey. My passengers at that time were my husband (i.e., Justin Sifford) and three children (i.e., Ruby, Fiona, and Maeve). My intended destination was Newark Liberty International Airport to drop Maeve off at the

---

[11]Defendant's Motion to Dismiss, Docket Entry No. 2, p. 2 ¶¶ 1.3-1.6

[12]Exhibit 4 to Defendant's Motion to Dismiss, Docket Entry No. 2-4.

[13]Affidavit of Elena F. Sifford, Exhibit 5 to Defendant's Motion to Dismiss, Docket Entry No. 2-5, p. 1 ¶ 1.2

7

airport, after which we planed on driving to New York City, New York. The only two states that I drove through from the time that I left my residence until the time of the subject accident were Pennsylvania and New Jersey.[14]

Defendant also states that

I have never lived in Texas. I do not regularly visit Texas. I do not own any property, real or personal, in Texas. I do not conduct any business in Texas, other than a single visit discussed below. I would not expect to be sued in Texas for any reason.

To the best of my knowledge, I have visited Texas two times in my life. The first visit was an area around Dallas, Texas, to visit my husband's family. That trip occurred, to the best of my recollection, in about 2015. The second visit was to an area around Houston, Texas, to give a speech/lecture. That trip occurred, to the best of my recollection, in about 2016.[15]

Plaintiff has not pleaded jurisdictional facts sufficient to make a prima facie showing that Defendant had minimum contacts with Texas needed to support either general or specific jurisdiction. To the contrary, Plaintiff's allegations show that the Defendant's contacts with Texas are neither "continuous and systematic" as needed to support the exercise of general personal jurisdiction, nor do they "relate[] to" or "aris[e] out of" the controversy between the parties, i.e., the vehicular crash that occurred on November 12, 2021, in the State of New Jersey as needed to support the exercise of specific personal jurisdiction. See Mink, 190 F.3d at 336. Because Plaintiff has failed either to plead jurisdictional facts sufficient to support general or specific jurisdiction over Defendant, and has also failed to rebut

---

[14] Id. ¶ 1.3.

[15] Id. at 2 ¶¶ 1.4-1.5.

Defendant's evidence that she lacks minimum contacts with Texas needed to support this court's assertion of personal jurisdiction over her, the court concludes that Plaintiff has failed to carry his burden of establishing a prima showing of personal jurisdiction over the Defendant. Because personal jurisdiction is an essential element of jurisdiction, without which the court is powerless to proceed to an adjudication, Defendant's Motion to Dismiss will be granted and this action will be dismissed without prejudice for lack of personal jurisdiction. Guidry v. U.S. Tobacco Co., Inc., 188 F.3d 619, 623 n. 2 (5th Cir. 1999) ((citing Ruhrgas AG v. Marathon Oil Co., 119 S. Ct. 1563, 1570 (1999)).

### III. Conclusions and Order

For the reasons stated above, in § II.B, the court concludes that Plaintiff has failed to establish that Defendant is subject to personal jurisdiction in Texas. Accordingly, Defendant Elena F. Sifford's Motion to Dismiss for Lack of Personal Jurisdiction, Docket Entry No. 2, is **GRANTED**.

**SIGNED** at Houston, Texas, this 12th day of February, 2024.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

9